# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 10, 2006

## STATE OF TENNESSEE v. THOMAS RICHARDSON, JR.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 02-03194    Joseph B. Dailey, Judge**

---

**No. W2004-00508-CCA-R3-CD  - Filed May 1, 2006**

---

DAVID G. HAYES, Judge, separate concurring.

The defendant in this case was indicted on a single count of felony murder committed during the perpetration of arson. Under the felony murder rule, criminal liability for the murder is imposed based on the culpability required for the underlying felony without separate proof of any culpability with regard to the death. As our supreme court stated in *Farmer v. State*, 296 S.W.2d 879, 883 (Tenn. 1956), "it is not necessary that the State prove an intention to kill, or that it was committed willfully, deliberately, premeditatedly and with malice aforethought."

Thus, in this case, the State was required only to establish that the defendant intended to commit the crime of arson, *i.e.*, the damaging of a structure by fire, and that the death of the victim was causally connected to the arson. Because the State chose this theory of prosecution, the photographs of the deceased and all of the victim's statements pertaining to her fear of the defendant, specifically, "He is not going to let me leave alive[;]"  "Thomas has gotten so mean[;]" and the victim's two statements to Mrs. Boyland that the defendant was going to kill her, were irrelevant, and, thus, inadmissible. Additionally, the defendant's statement to Mrs. Boyland, "Mom, if you see the police over here don't worry, I be done killed somebody over here," was also irrelevant as this statement was not germane to the question of whether the defendant knowingly set fire to the residence. Moreover, the record reflects that the prosecutor's reoccurring theme throughout closing argument was that of premeditation with repeated emphasis of the above irrelevant statements.

Although the majority of the victim's statements and the defendant's statements would have been admissible as excited utterances, Tenn. R. Evid. 803(2), and/or to establish motive and animus in a prosecution for premeditated first degree murder, they were inadmissible under the State's theory of prosecution in this case. *See State v. Smith*, 868 S.W.2d 561, 575 (Tenn. 1993).

While the question of guilt is closer, I find the remaining proof, particularly the accelerant evidence and the defendant's conduct and statements after the fire, is sufficient to support the conviction.

---

David G. Hayes, Judge